UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE BOULIER, | ) |
| Petitioner, | ) ) ) |
| v. | ) 1:24-cv-00284-LEW |
| PENOBSCOT COUNTY JAIL, | ) ) ) |
| Respondent | ) ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner commenced this habeas proceeding pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.)  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  After a review in accordance with Rule 4, I recommend the Court dismiss the matter without prejudice.

**FACTUAL BACKGROUND**

Petitioner seeks relief from the sentences imposed and judgments entered on multiple state court charges.  In his § 2254 petition, Petitioner asserts that on June 7, 2024, he filed a motion in state court for post-conviction relief, which motion remains pending. Petitioner evidently filed this action in part because the state court had not yet appointed counsel to represent him on his state court request for post-conviction relief.

**DISCUSSION**

Title 28 U.S.C. § 2254(b) and (c) provide:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > **(A)** the applicant has exhausted the remedies available in the courts of the State; or
> >
> > **(B) (i)** there is an absence of available State corrective process; or
> >
> > > **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

As the statute reflects, a state prisoner must exhaust available state remedies before presenting a claim to a federal habeas court. § 2254(b)(1)(A). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Here, the record plainly establishes that Petitioner has not exhausted the available state court remedies for any of the claims he asserts in this action. In fact, Petitioner has a pending state court post-conviction review petition in which he challenges the state court

convictions that are the subject of this action. Furthermore, the record lacks any evidence that would establish a statutory exception that would permit this Court to consider Petitioner's claims even though he has not yet presented them to each level of the state court. The exhaustion bar, therefore, applies to the claims Petitioner has asserted in the petition.

To the extent Petitioner contends that he is nevertheless entitled to relief in this Court because the State has violated his constitutional right to counsel by failing to appoint counsel in the state court postconviction proceeding, Petitioner's argument fails. "Appointed counsel is not a constitutional right in habeas proceedings." *United States v. Saccoccia*, 564 F.3d 502, 506 n.3 (1st Cir. 2009) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

In sum, because Petitioner has not exhausted the available state court remedies for any of the asserted claims, dismissal is warranted. *See Adelson v. Dipaola*, 131 F.3d 259, 261–62 (1st Cir. 1997).

## CONCLUSION

Based on the foregoing analysis, after a preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

    Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 17th day of September, 2024.