UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| WAYNE BOULIER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00284-LEW |
| | ) | |
| PENOBSCOT COUNTY JAIL, | ) | |
| | ) | |
| Respondent | ) | |

## **ORDER AFFIRMING RECOMMENDED DECISION**

In the Penobscot County Superior Court Petitioner Wayne Boulier plead guilty to and was convicted of Aggravated Criminal Mischief, Domestic Violence Assault, and Domestic Violence Terrorizing. Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1). In his Recommended Decision on 21 U.S.C. § 2254 Petition (ECF No. 2), Magistrate Judge John Nivison recommends that the Court dismiss the Petition without prejudice as Petitioner has failed to meet the exhaustion requirement of 28 U.S.C. § 2254(b). Petitioner filed a timely Objection (ECF No. 3). After *de novo* review, I adopt the Recommended Decision. My analysis is limited to Petitioner's Objection.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Josselyn v. Dennehy*, 475 F.3d 1, 2 (1st Cir. 2007) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)

(per curiam) (internal citations omitted)).  28 U.S.C. § 2254(b) provides that "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State [or] circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  Petitioner argues such circumstances exist here.  Although Petitioner presently has a pending state court post-conviction review petition, Petitioner states his post-conviction review has not proceeded because he has not been appointed counsel.  Petitioner submits that "inability, or unwillingness of the [Maine Commission on Public Defense Services], and the State courts means of appointing Post Conviction relief counsel, has left the applicant unable to seek the relief of the matter in State Court."  Pet. Obj. at 1.

In Maine, an indigent post-conviction petitioner is statutorily entitled to counsel.  15 M.R.S. § 2129.  The question remains whether delay in appointment of that counsel renders state review so ineffective such that a federal court should intervene.  The exhaustion requirement for habeas petitions does not apply "where the state system inordinately and unjustifiably delays review of a petitioner's claim."  *Wells v. Marshall*, 885 F. Supp. 314, 317 (D. Mass 1995), *aff'd* 81 F.3d 147 (1st Cir. 1996); *see also Brooks v. Jones*, 875 F.2d 30, 31-32 (2d Cir. 1989) (excusing exhaustion requirement due to eight-year delay in state court).  A delay is unjustifiable if the "state corrective process is so clearly deficient as to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).  A delay, even if extensive, may not "so clearly establish a constitutional violation, as opposed to a severely over-extended court system, that the issue should not be addressed

at the state court level." *Branco v. Massachusetts*, No. 20-10225, 2021 WL 11505290, at *4 (D. Mass. Mar. 2, 2021) (internal quotations omitted) (quoting *Lopes v. MacEachern*, No. 10-10766, 2010 WL 5313730, at *5 (D. Mass Oct. 20, 2010)) (finding exhaustion requirement not met despite three-year delay in producing transcripts from initial proceedings to proceed with post-conviction review).

Petitioner filed for post-conviction review on June 7, 2024, and petitioned for habeas relief on August 6, 2024. At the time of this order, Plaintiff's post-conviction review filing is near six months old. A delay of six months to appoint counsel does not seem to indicate a clear deficiency in the state review process such that Petitioner's claim will never be heard in state court, or that a federal court should intervene and deny Maine the "first opportunity to correct alleged violations" of petitioner's rights. *Josselyn*, 475 F.3d at 2. Petitioner's delay has been less than that in *Branco*, and delayed appointment of public defense counsel evidences a burdened system, better addressed by the state. *Branco*, 2010 WL 5313730 at *5.

For these reasons the Recommended Decision (ECF No. 2) is **AFFIRMED** and **ADOPTED**. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without prejudice.

SO ORDERED.

Dated this 12th day of December, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge